UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

CORINNA C. NEVE,  No. 12-11499

                    Debtor(s).
_____/

CORINNA C. NEVE,

                    Plaintiff(s),

      v.  A.P. No. 14-1022

WELLS FARGO BANK, N.A.,

                    Defendant(s).
_____/

Memorandum on Motion to Dismiss
_____

      In this adversary proceeding, Chapter 12 debtor and plaintiff Corinna Neve seeks damages against defendant Wells Fargo Bank for damages on account of violation of the automatic stay. The actions alleged to violate the automatic stay took place after Neve's plan was confirmed. Wells Fargo has moved for dismissal, pointing out that by stipulation and order of the court the automatic stay terminated when the plan was confirmed. Because the motion requires the court to consider matters outside the complaint, the court has treated the motion as one for summary judgment pursuant to Rule

1

12(d) of the Federal Rules of Civil Procedure.

The stipulation, filed in the base case on November 27, 2012, and approved by the court the next day, provides:

> 7. The automatic stay of 11 U.S.C. §362 shall terminate on the date of the entry of the order of confirmation;
>
> 8. However, Creditor shall not take any action to enforce either the pre-confirmation obligation, the obligation due under the Plan, or the obligation due under this Stipulation, so long as Debtor are not in default under the Plan and this Stipulation.

Neve's Chapter 12 plan was confirmed January 17, 2013.

The only acts which the complaint alleges were unlawful were the sending of loan statements for a "new loan." No other acts are alleged in the complaint. The statements were all sent after June, 2013. Wells Fargo has explained that the statements were the result of its internal need to account for the unsecured portion of its claim after its secured claim was reduced from $670,000 to $615,000. There is no evidence that Wells Fargo attempted to enforce any of its claims outside the provisions of Neve's plan.

Never argues that the actions of Wells Fargo violated Provision 8, above. The court finds no merit to this argument because the complaint is one for violation of the automatic stay, not the order; contempt proceedings would be the proper remedy. Moreover, the mere sending of statements was not an attempt to enforce any obligation.

In some desperation, Neve argues that her stipulation was not binding because there was no compliance with Rule 4001(d) of the Federal Rules of Bankruptcy Procedure, which provides that in some instances stipulations modifying the automatic stay must be noticed to creditors. This argument fails because service on creditors is only required if the case is a Chapter 9 or Chapter 11 or if there is a Chapter 7 creditors committee. Rule 4001(d)(2)(C). No service is required in Chapter 12 or Chapter 13 cases. Moreover, if service on creditors had been required only creditors entitled to notice would have standing to attack the stipulation; a failure to serve would not provide Neve with grounds for weaseling out of her own agreement.

The actions of Wells Fargo were entirely lawful. They could not be violations of the automatic stay because the court had terminated the automatic stay effective upon confirmation of Neve's plan. Nor were the acts violations of the stipulation and order, any provision of the Bankruptcy Code, or any other law. As far as the court can see, Wells Fargo's only shortcoming was its failure to clearly explain to Neve's counsel why it was sending the statements; it only provided an explanation after the court insisted. This failure does not rise to the level of actionable misconduct, though it is sufficient for the court to order that both sides shall bear their own attorneys' fees and costs.

Accordingly, Wells Fargo's motion to dismiss, which the court has treated as a motion for summary judgment, will be granted. Neve shall take nothing by her complaint, which will be dismissed with prejudice. Each side shall bear its own fees and costs. Counsel for Wells Fargo shall submit an appropriate form of order and a form of judgment.

Dated: May 21, 2014

Alan Jaroslovsky
Chief Bankruptcy Judge

3